Andrew L. Watson, Esquire (Bar No. 034891999)
PELLETTIERI, RABSTEIN AND ALTMAN
989 Lenox Drive, First Floor
Lawrenceville, New Jersey 08648
(609) 520-0900
FAX: 609-896-1265
Email: awatson@pralaw.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 269 HEALTH AND WELFARE FUND; IBEW LOCAL 269 PENSION FUND; IBEW LOCAL 269 ANNUITY FUND; IBEW LOCAL 269 SUPPLEMENTAL BENEFIT FUND; IBEW LOCAL 269 JATC FUND; IBEW LOCAL 269 NATIONAL ELECTRICAL BENEFIT FUND; IBEW LOCAL 269 ADMINISTRATIVE FUND; IBEW LOCAL 269 TDB FUND; IBEW LOCAL 269 INDUSTRY ADVANCEMENT FUND; NATIONAL ELECTRICAL INDUSTRY FUND; NECA-IBEW NATIONAL LABOR MANAGEMENT COOPERATION FUND; STEPHEN ALDRICH as Trustee of the Funds, and IBEW LOCAL UNION NO. 269, <br> Plaintiffs, <br> v. <br> OLIVER COMMUNICATIONS GROUP, INC. <br> Defendant. | **CIVIL ACTION** <br><br> **Civil Action No.** <br><br> **COMPLAINT** |

Plaintiffs, IBEW Local 269 Health and Welfare Fund; IBEW Local 269 Pension Fund; IBEW LOCAL 269 Annuity Fund; IBEW Local 269 Supplemental Benefit Fund; IBEW Local 269 JATC Fund; IBEW Local 269 National Electrical Benefit Fund; IBEW Local 269 Administrative Fund; IBEW Local 269 TDB Fund; IBEW Local 269 Industry Advancement Fund; National Electrical Industry Fund; NECA-IBEW National Labor Management Cooperation Fund; Stephen Aldrich as Trustee of the Funds; and IBEW Local Union No.

1

269, having their principal offices located at 670 Whitehead Road, Suite B, Lawrenceville, Mercer County, New Jersey, (collectively referred to herein as "Plaintiffs"), complaining of Defendant, Oliver Communications Group, Inc. ("Oliver"), whose principal place of business is located at 2457 Old York Road, Bordentown, New Jersey, Burlington County, New Jersey 08505, say:

## THE PARTIES

1. Plaintiffs, IBEW Local 269 Health and Welfare Fund; IBEW Local 269 Pension Fund; IBEW LOCAL 269 Annuity Fund; IBEW Local 269 Supplemental Benefit Fund; IBEW Local 269 JATC Fund; IBEW Local 269 National Electrical Benefit Fund; IBEW Local 269 Administrative Fund; IBEW Local 269 TDB Fund; IBEW Local 269 Industry Advancement Fund; National Electrical Industry Fund; NECA-IBEW National Labor Management Cooperation Fund (the "Funds") are trust funds established pursuant to Sections 302(c)(5) of the National Labor Relations Act (29 USC 186(c)(5)), and pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 USC 1001 et. seq., for the purpose of providing benefits for employees of the employers covered by the provisions of a Collective Bargaining Agreement between Plaintiff IBEW Local Union #269 (the "Union") and signatory employers. Plaintiff, Stephen Aldrich, as Trustee for the Funds, is charged with the duties and responsibilities of overseeing and managing such Funds.

2. The Union is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are signatory to the Union's Collective Bargaining Agreement.

3. Defendant, Oliver Communications Group, Inc., is an entity that employs individuals represented by the Union. As such, Defendant is a signatory to the current

Collective Bargaining Agreement between IBEW Local Union No. 269 and the Mercer Division of the Southern New Jersey Chapter, NECA (the "Collective Bargaining Agreement"). Defendant is an employer in an industry affecting commerce within the meaning of 29 U.S.C. 1152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed above.

## JURISDICTION

4.      This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001 et. seq. (the "ERISA Claim"), as well as under New Jersey common law (the "State Contract Claim").

5.      Jurisdiction of this Court is invoked in this matter pursuant to 29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et. seq. and 29 U.S.C. 185(a).

6.      Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due the Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as Defendant, Oliver Communications Group, Inc.

7.      This Court has original jurisdiction over the ERISA Claim and pendant jurisdiction over the State Contract Claim.

## FIRST COUNT

## ERISA CLAIM

1.      Defendant, Oliver Communications Group, Inc., employed individuals represented by Local Union No. 269 for various jobs from January 1, 2012, through December 30, 2014.

2.     29 U.S.C. Section 1145 requires the Defendant to remit payments to Plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts and in accordance with the aforementioned Collective Bargaining Agreement of the Union.

3.     From January 1, 2012 to December 31, 2014, Defendant, despite demands from the Union and the Funds for payment, failed to remit payment to the Plaintiffs in accordance with the collective Bargaining Agreement.  Defendant is delinquent in the payment of money owed to Plaintiffs in the amount of $40,939.09.

4.     Defendant may also be indebted to Plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

5.     In accordance with the applicable provisions of ERISA, 29 U.S.C. Section 1132(g)(2), Plaintiffs are entitled to interest, liquidated damages at the rate of 20% of the principal sum due, reasonable attorney's fees, together with costs of suit.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount equal to the principal sum due and owing to the Plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621 from the due date for payment until the date of actual payment, liquidated damages in the amount of 20% of the principal sum due, the cost of the audit, reasonable attorney's fees and costs incurred in this action or the collection or enforcement of any judgment as provided under the Collective Bargaining Agreement, the trust agreements and 29 U.S.C. 1132(g)(2), and such other relief as is deemed equitable and just.

## SECOND COUNT

## STATE CONTRACT CLAIM

1. Plaintiffs repeat and reallege every paragraph of the First Count as if set forth at length herein.

2. The Collective bargaining Agreement requires Defendant, Oliver Communications Group, Inc., to remit timely payments to the various Plaintiffs in certain specified amounts in accordance with the trust agreements and the procedures set forth by the Boards of Trustees.

3. The procedure established by the Boards of Trustees requires employers such as Defendant, Oliver Communications Group, Inc., to remit payments on behalf of their employees on a monthly basis.

4. Defendant, Oliver Communications Group, Inc., failed to remit payments to any of the Boards of Trustees in the amount of $40,939.09, which represents contributions for work performed from January 1, 2012 through December 30, 2014.

5. In accordance with Article VI of the Collective Bargaining Agreement and the applicable provisions of the trust agreements, Plaintiffs Boards of Trustees and the Union are entitled to payment of:

(a) the unpaid contributions;

(b) interest on the unpaid contributions at the rate set forth by the Collective Bargaining Agreement;

(c) liquidated damages;

(d) attorneys' fees;

(e)  twenty percent delinquency penalty; and

(f)  costs of suit.

WHEREFORE, Plaintiffs demand judgment against Defendant, Oliver Communications Group, Inc., in an amount equal to the unpaid contributions presently due and that may subsequently accrue during the pendency of this action, interest, liquidated damages, reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, costs and such other legal or equitable relief as this Court may deem just and appropriate.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiffs

By: _____
ANDREW L. WATSON

Dated: 8/3/18