IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| IBEW LOCAL 269 HEALTH & WELFARE FUND, et al., | : : : | |
| Plaintiffs, | : : | Civil No. 18-12494 (RBK/JS) |
| v. | : : | **OPINION** |
| OLIVER COMMUNICATIONS GROUP, Inc. | : : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

Currently before the Court is Plaintiffs' Motion for Default Judgment (Doc. No. 16) and Defendant's Cross-Motion to Vacate Entry of Default Judgment and for Leave to File an Answer (Doc. No. 21). For the reasons below, the Court **DENIES** Plaintiffs' motion for default judgment and **GRANTS** Defendant's cross-motion to vacate entry of default.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter concerns alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and New Jersey contract law. Plaintiffs IBEW Local 269 Health & Welfare Fund, IBEW Local 269 Pension Fund, IBEW Local 269 Annuity Fund, IBEW Local 269 Supplemental Benefit Fund, IBEW Local 269 JATC Fund, IBEW Local 269 National Electrical Benefit Fund, IBEW Local 269 Administrative Fund, IBEW Local 269 TDB Fund, IBEW Local 269 Industry Advancement Fund, National Electricity Fund, and NECA-IBEW Labor Management Cooperation Fund (the "Funds") are trust funds established for the purpose of providing benefits for employees of the employers covered by the provisions

of a Collective Bargaining Agreement (the "CBA") between Plaintiffs and signatory employers. (Doc. No. 1 ("Compl.") at ¶ 1). Plaintiff Stephen Aldrich acts as Trustee for the Funds and is charged with the duties of overseeing and managing such funds. (*Id.*). Defendant Oliver Communications Group, Inc. is a business entity that employs individuals represented by Local 269 and is a signatory to the instituted CBA. (*Id.* at ¶ 3).

In February of 2017, Plaintiffs conducted an Audit (the "Audit") of Defendant's books and records. (Doc. No. 16-2 at Ex. F). On August 7, 2018, Plaintiffs filed a Complaint against Defendant in this Court for delinquent contributions in violation of ERISA. Plaintiffs allege that the Audit revealed Defendant has failed to remit or has short-paid contributions to various Plaintiff trust funds through the years of 2012, 2013, and 2014. (Compl. at 3–4). On October 2, 2018, default was duly noted by the Clerk of the Court against Defendant for Defendant's failure to plead or otherwise defend this action. Plaintiff subsequently moved for default judgment (Doc. No. 6), which Defendant opposed (Doc. No. 10). The Court dismissed Plaintiff's motion without prejudice for failing to comply with the Local Civil Rules. (Doc. No. 15).

On May 3, 2019, Plaintiffs filed a new Motion for Default Judgment which complied with the Local Rules. (Doc. No. 16). Defendant opposed this motion (Doc. No. 20-1 ("Def. Brief")), and on June 11, 2019 filed a Cross-Motion to Vacate Entry of Default and for Leave to File an Answer (Doc. No. 21). Defendant alleges Plaintiffs' audit report improperly includes employees that did not work for Local 269 or on Local 269 jobs, and thus wrongly assesses a larger sum of owed money. (Def. Brief at 4). On June 19, 2019, plaintiffs filed a response to defendant's cross-motion, requesting that this Court deny defendant's cross-motion and affirm the entry of default judgment. (Doc. No. 22 ("Pl.'s Reply")).

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a party that has failed to answer or otherwise defend an action. *See Anchorage Assocs. v. Virgin Island Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). Pursuant to Rule 55, a two-step process is required to obtain a default judgment. First, when a defendant has failed to answer or otherwise defend an action, the Clerk of the Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, a plaintiff may then obtain a default judgment by either: (1) asking the Clerk to enter default judgment, if the judgment is a sum certain; or (2) applying to the Court. Fed. R. Civ. P. 55(b).

"The court may set aside an entry of default for good cause" prior to default judgment being entered. Fed. R. Civ. P. 55(c). The decision about whether default judgment is proper "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (internal quotation omitted). If default judgment is found to be appropriate, the court "will then consider the question of damages." *IUOE Local 68 Pension Fund v. Resorts Int'l Hotel, Inc.*, No. 12-6773, 2013 WL 4042451, at *2 (D.N.J. Aug. 8, 2013).

### III. DISCUSSION AND ANALYSIS

In determining whether a grant of default judgment is proper, this Court must consider: "(1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamster Health & Welfare Fund v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).

#### A. Jurisdiction and Service

This Court has subject matter jurisdiction over the present action pursuant to Plaintiffs' ERISA claim. *See* 29 U.S.C. § 1451(c) ("[D]istrict courts of the United States shall have

exclusive jurisdiction of an action under this section without regard to the amount in controversy."). Furthermore, this Court retains personal jurisdiction over Defendant because Defendant's principal place of business was located in the State of New Jersey at the time it was served with process for this matter. *Id.* at § 1451(d) ("An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found."); (Compl. at 2).

Defendant is a corporation. A corporation may be served by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). *See Teamsters Health*, 2012 WL 3018062, at *2 (finding proper service after the president of the defendant corporation was personally served); *Trs. of the BAC Local 4 Pension Fund, et al. v. Danaos LLC*, No. 18-15551, 2019 WL 3453270, at *2 (D.N.J. July 31, 2019) (finding proper service after defendant's managing agent accepted service). Phil Oliver, President of Defendant, was personally served on August 22, 2018 at Defendant's principle place of business. (Doc. No. 4). Therefore, process was properly served on Defendant.

**B.      Plaintiff's Cause of Action**

Plaintiff's Complaint brings two causes of action, one under ERISA and one under New Jersey contract law.

i.      *ERISA Violations*

"ERISA requires employers party to a CBA to make agreed upon contributions 'in accordance with the terms and conditions of such plan or such agreement.'" *Trs. of the BAC*, 2019 WL 3453270, at *2 (quoting *Teamers Health*, 2012 WL 3018062, at *3). When an

4

employer fails to contribute, the award can include the unpaid contributions with added interest, liquidated damages, reasonable attorney's fees, and other relief the court deems appropriate. *Id.* Defendant is a signatory to the instituted CBA and employs individuals represented by Local 269. (Compl. at 2–4; Def. Brief at 4).

Plaintiffs assert Defendant has failed to make required contributions to various Plaintiff funds pursuant to the terms of the CBA in violation of 29 U.S.C. § 1145. (Compl. at 2–4). Plaintiffs allege that Defendant is delinquent in making requirement payments under the CBA in the amount of $40,939. (Compl. at 4). Plaintiffs seek damages for the reimbursement of the delinquent contributions, liquidated damages, and counsel fees. (Compl. at 3–4). The 20% liquidated damages are provided for in Section 6.11 of the CBA, (Doc. No. 16-2 at Ex. A), and are acceptable under ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii). Accordingly, Plaintiffs have stated a sufficient cause of action under ERISA. *See Teamsters Health*, 2012 WL 3018062, at *3 (finding that plaintiff stated a sufficient cause of action under ERISA after defendant failed to make timely payments as required under the collective bargaining agreement).

        ii.        *State Contract Law*

Plaintiffs bring a state law breach of contract claim for Defendant's violations of the CBA. A New Jersey breach of contract claim requires the plaintiff to prove: "(1) that a contractual relationship existed with the defendant; (2) that the defendant breached the contract; and (3) that the plaintiff suffered damages." *Id*. Plaintiffs have alleged that Defendant was bound by the CBA, that Defendant breached the CBA by failing to remit the required payments, and that Plaintiffs have suffered damages in the amount of $40,939. (Compl. at 5). As such, Plaintiffs adequately state a claim under New Jersey contract law.

**C.    Entry of Default**

Plaintiffs have moved for default judgment and Defendants have cross-moved to vacate the entry of default. Conveniently, the standard used to determine whether to enter a default judgment is also used to determine whether to set aside an entry of default. *Gant v. Advanced Elec., Inc.*, No. 16-1954, 2017 WL 3638762, at *2 (D.N.J. Aug. 23, 2017) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). There are three factors for the Court to consider: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. The Court must also take into consideration that default judgments are generally disfavored in the Third Circuit, as they prevent claims from being determined on the merits. *See Cantanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) ("[I]n this circuit, we prefer that cases be adjudicated on the merits.").

      i.      *Prejudice to the Plaintiffs*

Prejudice occurs when "a plaintiff has no other means to vindicate rights and recover damages." *Trs. of the BAC*, 2019 WL 3453270, at *2. A delay of compensation on a claim "'rarely serves to establish the degree of prejudice' necessary to decline to vacate a default judgment." *Trs. of UFCW Local 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2019 WL 417047, at *4 (D.N.J. Feb. 1, 2019) (quoting *Gant*, 2017 WL 3638762, at *2). Plaintiffs do not make any real argument that they would be prejudiced by vacating the default, and default judgment did not enter before Defendant made its motion to vacate (Doc. No. 10). *Cf. Trs. of UFCW*, 2019 WL 417047, at *5 (finding that the defendant's motion to vacate, filed five months after the court awarded default judgment to plaintiffs, was not so late as to constitute prejudice); *Gant*, 2017 WL 3638762, at *2 (finding that defendant's motion to vacate, filed two months after the court entered default judgment for the plaintiff, was not so late as to be

prejudicial). As such, the Court finds that Plaintiffs would not be prejudiced by an order vacating default judgment.

        ii.        *Culpable Conduct*

Culpable conduct is conduct that displays "willfulness" or "bad faith" and amounts to "more than mere negligence." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017). Although conduct involving "innocent mishaps or mere mistakes" generally lacks culpability, a "reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x. 519, 523 (3d Cir. 2006) (internal quotation omitted) (holding defendant culpable where defendant, a corporation, simply gave all of the lawsuit paperwork to its insurance broker and failed to respond to plaintiff's repeated communications); *Trs. of UFCW*, 2019 WL 417047, at *5 (holding defendant corporation culpable after it ignored "key communications" and at no time requested an extension of time, filed an answer or motion, or otherwise defended the action). Where a defendant fails to answer, move, or otherwise respond to an action, culpability will be presumed. *See Teamsters Health*, 2012 WL 3018062, at *4 (holding defendant's failure to answer demonstrated a presumption of culpability).

Here, Phil Oliver, president of Defendant, alleges "he does not remember receiving the summons and complaint" and "that to the extent he [did], he believed that they were related to [a] similarly captioned federal suit" Defendant is also currently involved in. (Def. Brief at 6; Doc. No. 20-2 at ¶ 7). Although Defendant initially failed to respond to Plaintiffs' "key communications," upon realization, Defendant promptly forwarded notice to its attorney so that it could be addressed. (Doc. No. 20-2 at ¶ 7). Defendant thereafter requested an extension of

7

time in order to defend against the action. (Doc. No. 7). Based on these attestations, the Court cannot conclude that Defendant willfully caused the delay, and as such the culpable conduct prong does not support entry of default judgment.

        iii.        *Litigable Defense*

The showing of a meritorious or litigable defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a *complete* defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (emphasis added) (internal quotation omitted). "Simple denials or conclusory statements" are insufficient to show a meritorious defense. *Id.*; *see Gant*, 2017 WL 3638762, at * 2 ("While the defaulting party need not prove that it will win at trial, it must raise a defense that is meritorious on its face.") (internal quotations omitted).

A defendant who presents no meritorious defenses cannot move to vacate default judgment. *See Gant*, 2017 WL 3638762, at *2 ("[T]he Court concludes that Defendant's failure to answer did not prejudice Plaintiffs or result from culpable conduct. However, because Defendant presents no meritorious defenses, the Court nonetheless denies the Motion to Vacate Default Judgment."). Similarly, the Third Circuit has indicated that there "would be no point in setting aside [a] default judgment" if a meritorious defense cannot be established. *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

In this case the critical question is whether the Audit is correct in asserting that the Defendant improperly failed to remit contributions to the funds. Defendant claims that Plaintiffs' audit "improperly includes several employees that did not work for the Local 269 or on Local 269 jobs" and results in a "largely overstated assessment." (Def. Brief at 4). In particular, Phil Oliver concedes that there is a delinquency with regard to Local 269 members

8

working the Local 269 jurisdiction but contests the Audit's findings with regard to members of other IBEW Locals and to certain non-union electricians. (Doc. 20-2 at ¶2). With regard to the last two categories, Oliver asserts that he is aware of the identities of each of these employees and that they did not work on Local 269 jobs, meaning that he was not required to remit payments to the Funds for their work. (*Id*.).

Plaintiffs respond that by asserting that Defendant's own records indicate that these individuals did work on Local 269 jobs. (Pl.'s Brief at 3–6). Nevertheless, the Court cannot rule out at this juncture the possibility that Defendant may be able to refute this evidence. Although Defendant does not dispute the entire amount that Plaintiffs are seeking, his Defenses, if borne out by the evidence, would wholly bar certain categories of it. With the Third Circuit's disapproval of default judgment in mind, the Court is not prepared to say that Defendant's defense is without merit. This factor weighs against entry of default.

## IV. CONCLUSION

Ultimately, default judgment is not appropriate in this case. As such, the Court **DENIES** Plaintiffs' motion for default judgment and **GRANTS** Defendant's cross-motion to vacate the entry of default. An Order follows.

Dated: 10/18/2019                                                                s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge